RICHARD CARRIQUE & another *vs.* THE BRISTOL PRINT WORKS.

S. drew an order on P., his employer, requesting P. to pay his wages, from month to month, as they should become due, to L., and P. accepted the order and made several payments to L. : P. was afterwards summoned as trustee of S. in a suit brought by C., and L. had notice of the trustee process, but did not give notice to P. that he claimed any further payments on the order, or that he had advanced any money upon it : P. was charged as trustee of S., but by mistake in entering the judgment, it appeared by the record that he was discharged. *Held,* on a writ of review brought by C. to reverse this judgment, that L. could not be permitted to come in as a party, and show that said order, though purporting to be a naked authority to receive S.'s wages, was given for value, &c. and was an assignment of the wages, and thus prevent a reversal of the judgment entered by mistake.

When one, who is summoned as trustee of a principal defendant, is charged by the court, but, by mistake in entering the judgment, the record shows that he was discharged, and he thereupon takes out execution against the plaintiff for costs, and collects them, the plaintiff is entitled, on a writ of review, to a reversal of the judgment entered, and to have such a judgment as he originally ought to have had, and also to a judgment against the trustee to recover back the costs paid to him on his execution.

WRIT OF REVIEW. The plaintiffs in review brought an action, in 1839, against John Sidebottom, and summoned the Bristol Print Works, the defendants in review, as his trustees, who made an answer, by Charles Porter, their clerk, stating that Sidebottom had been in their employment, and that his wages, due at the time of the service of the trustee process, were $47·62 : That he, in March 1838, drew an order on said Porter, requesting him to pay Leonard & Atwood his wages, from month to month, as they should become due, and what might then be due to him from the Bristol Print Works: That said order was accepted, and that Leonard & Atwood had received all that Sidebottom subsequently earned in the employment of the Print Works, except said sum of $47·62 : That Leonard & Atwood knew that said trustee process was pending, but did not give

said Porter notice that they had made any advances to Sidebottom, in consequence of the acceptance of said order, or that they claimed that further payments should be made to them.

The court charged the Print Works, as trustees of Sidebottom. (See the report of the case, 3 Met. 297.) But, by mistake in the entry of the judgment, it appeared upon the record that they were discharged, and they took out execution for costs, which was satisfied by the plaintiffs, who, after discovering the mistake, petitioned for a writ of review, which was granted. Leonard & Atwood thereupon filed the petition which is mentioned in the opinion of the court.

*Coffin*, for Leonard & Atwood.

*Pratt*, for the plaintiffs in review.

Shaw, C. J. This presents a case of some interest, in point of practice. The cause was formerly before the court, and was decided, and the Print Works were charged as trustees of Sidebottom. 3 Met. 297.

The cause having been continued *nisi*, and considered and decided in another county, an erroneous certificate was sent, directing the clerk to enter a judgment discharging the trustees. When the fact came to be known, by the publication of the report, a petition for a review was presented by the plaintiffs, in order to set aside and reverse the erroneous judgment, and have a new judgment entered. After notice and hearing, and the error appearing as above stated, the prayer of the petition was granted, and the writ of review ordered and issued.

In this stage of the cause, Leonard & Atwood presented their petition, setting forth that the order given them by Sidebottom on Porter, the clerk of the corporation, though it purported to be a naked authority only, was given for value, or that they had advanced money upon it ; and praying that they might "be admitted as parties to said suit, so far as it respects their title to the goods, effects or credits in question ; " thus offering, by evidence *aliunde*, to show an assignment of the wages to themselves. In the former case, it appeared that Leonard & Atwood, although they knew of the service of the trustee process, gave no notice to the company of any assign-

ment to themselves, and made no claim to the fund attached. The court are of opinion, that it is now too late, after a final judgment, and upon a review brought merely for the purpose of correcting an error, to interpose this claim. Had they disclosed it seasonably, by a notice to the trustees, the latter must, for their own protection, have disclosed it in their answer, and then it would have been for the plaintiffs to summon such assignees, if they intended to contest their claim. It being now too late thus to interpose, their petition must be dismissed.

The question then is, what judgment shall be entered on the review. We are not so familiar with the practice on review as we were when reviews were suable as matter of right, and when, in most important cases, the final trial was on review. We understand, however, that in review the court are limited to no form of judgment, but will render such special judgment as the just and legal rights of the parties require. They are not bound, as in error or *certiorari*, to affirm in whole or reverse .n whole, or affirm as to a specific and independent part and reverse for the remainder. In review, such part of the former judgment as may be found right will be affirmed, especially if it has been executed ; in order to protect the levy or other service of execution, by wnich it has been satisfied. If an erroneous part has been executed, judgment will be given in favor of the party aggrieved, that he be restored to what he has lost thereby. The principles and practice of the court, on review, which have mostly originated in statutes, and are peculiar to this State, are stated somewhat fully in 6 Dane Ab. *c.* 189.

As it appears that the Bristol Print Works recovered a judgment for costs against Carrique and another, the original plaintiffs, which has been satisfied, the judgment must now be entered, in favor of the original plaintiffs, against the corporation, to recover back what was thus paid : Also such judgment as should have been originally entered, viz. that the original plaintiffs (naming them) recover against the said Sidebottom the sum of $    debt or damage, with costs taxed at $    and against the goods, effects and credits of the said Sidebottom, in the hands and possession of the said Bristol Print Works.